**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SALLY RAE WESTERBEKE,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:13-cv-1054-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

_____

# MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Disability Insurance Benefits and for Supplemental Security Income. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED**.

## Procedural History

Plaintiff filed the instant applications[1] alleging she became disabled on September 26, 2009 (R. 102-13). The applications were denied initially and on reconsideration, and Plaintiff sought and received an administrative hearing. The Administrative Law Judge ("ALJ") issued a decision on October 26, 2011, finding that Plaintiff was not disabled (R. 18-33), and the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "bipolar and depression" (R. 134).

---

[1] Previous applications were denied on June 6, 2007 (R. 130).

*Summary of Evidence Before the ALJ*

Plaintiff was 56 years old at the time of the ALJ's decision (R. 18, 129), with a high school education (R. 140), and past relevant work that includes data collector, hair dresser, housekeeper and ticket taker for a theme park (R. 143).

The scant medical evidence relating to the pertinent time period is detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the records of the treating providers, the record includes Plaintiff's testimony and that of her boyfriend, written forms and reports completed by Plaintiff and her boyfriend, and opinions from state agency consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairment: bipolar disorder (20 CFR 404.1520(c) and 416.920(c)) (R. 23); and the record supports this uncontested finding. The ALJ determined that through the date of the decision, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 24). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: cannot perform a job that requires frequent learning of new tasks" (R. 25). The ALJ next determined that Plaintiff is capable of performing her past relevant work as a ticket taker (R. 28), and, therefore, the ALJ found Plaintiff was not disabled (R. 28-29).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff contends that the ALJ did not apply the correct legal standard to the opinion evidence offered by her "treating physicians." Plaintiff also contends that the RFC is not based on a full review of the medical evidence and is not supported by substantial evidence.

Plaintiff's objections are addressed in the context of the five step evaluation sequence used by the Commissioner. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity,

age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As the administrative decision here was made at step four, the burden was on Plaintiff at all relevant times.

*Weighing the Evidence*

Plaintiff contends that the RFC finding cannot be upheld because, despite notes and opinions from treating physicians, the only nonexertional impairment the ALJ identified was that Plaintiff cannot perform a job that requires frequent learning of new tasks and "none of the treating physician's opinions support this RFC" (Brief at p. 16).

To the extent Plaintiff's objection is premised upon an assumption that the ALJ's RFC finding must duplicate that of a medical source, she is mistaken. As this Court has noted previously:

> "[t]he residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments. 20 CFR § 404.1545(a)." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). As such, "[a]n opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources, and the physician's opinion in this respect is not entitled to deference. 20 C.F.R. §§ 404.1527(e), 416 .927(e)." *Shaw v. Astrue*, 392 Fed.Appx. 684, 687 (11th Cir.2010); *see also Majkut v. Commissioner of Social Sec.*, 394 Fed.Appx. 660, 664 (11th Cir.2010) ("An opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources. 20 C.F.R. § 404.1527(e)(2)."). Moreover, "[t]he task of determining a claimant's ability to work is within the province of the ALJ, not a doctor ..." *Cooper v. Astrue*, 373 Fed.Appx. 961, 962 (11th Cir.2010); *see also Green v. Social Sec. Admin.*, 223 Fed.Appx. 915, 923 (11th Cir.2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R. §§ 404.1513, 404.1527, 404.1545.")

*Williams v. Commissioner of Social Sec.*, No. 6:12-CV-1134-ORL-DAB, 2013 WL 6332728, *5 (M.D. Fla. Dec. 5, 2013).

Here, the RFC determination was made by the ALJ after a review of all of the evidence, including the scant treatment records, Plaintiff's reports and testimony, and the other substantial evidence discussed by the ALJ. While Plaintiff contends that certain portions of her treatment notes, if credited, could support her claim of disability, such is not the standard on review. The issue is not whether a different finding can be supported by the record; the issue is whether *this* finding is supported. The Court finds it is.

As set forth in detail in the ALJ's opinion, "the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations" and "do not support the existence of limitations greater than the above listed residual functional capacity" (R. 27). The ALJ cited specific evidentiary support for this conclusion, noting:

> An examination in February 2009 revealed that she was alert and fully oriented. Sensorium was clear, speech was coherent, and thought processes were organized. In addition, she denied neurovegetative signs and symptoms of depression (Ex. lF/2). By February 2010, she reported that she was doing well. It was noted that she was also getting along with her children. In December 2010, the claimant presented with a sad mood, but brightened during the conversation. She smiled frequently and made good eye contact. In addition, she was oriented to all spheres. She could do simple math. In addition, she could remember several names after five minutes. There was no evidence of flight of ideas, tangentiality, or circumstantiality (Ex. 12F /6).
>
> Recent examinations further support the above-described limitations. An examination in January 2011 revealed clear and coherent speech with no evidence of paranoia or psychosis. She had adequate hygiene and grooming. Additionally, she made good eye contact, and had fair judgment and insight. One month later, it was noted that the claimant was able to smile and crack jokes. In addition, she was fully oriented with a clear sensorium. Moreover, her memory was intact. Further, she denied suicidal ideation (Ex. 13F/12, 14).
>
> Further, the claimant has been prescribed and has taken appropriate medications for the alleged impairments, which weighs in the claimant's favor, but the medical records reveal that the medications have been relatively effective in controlling the claimant's symptoms. Specifically, it was noted that she was doing well on her medication, and that she was working full time (Ex. lF/2). It was noted again in January 2010 that her medication was working "fairly well" (Ex. 8F/6).

(R. 27). *See also* R. 24 (ALJ notes that a treating source found only slight limitations in the areas of activities of daily living and social functioning). Contrary to Plaintiff's contention, the RFC is

-5-

supported by the substantial medical evidence cited by the ALJ which shows little functional impairment.

As for the limitation on learning new tasks, Plaintiff's assertion that none of her provider's opinions support this limitation is incorrect. Plaintiff's nurse practitioner opined that "new activities [are] difficult" for Plaintiff (R. 353, Ex. 14F/5), and the ALJ gave this "great weight" (R. 27). This limitation, based on the medical evidence, is also consistent with the finding that Plaintiff had a moderate limitation in the area of concentration, persistence or pace (R. 27), but could do simple math and her memory was intact (R. 24). Further, although Plaintiff alleged that she had difficulty completing tasks, concentrating and following instructions, the ALJ observed that "[d]espite these allegations, the claimant cares for a pet, attends to her personal care needs on at least a weekly basis, prepares meals, washes dishes, cleans, walks, drives, shops, watches television, crochets, spends time with others, and maintains relationships" (R. 26). The Court finds that the limitation in the RFC is supported by substantial evidence.[2]

*Treating physician*

Plaintiff next contends that the ALJ failed to give proper weight to the treating physician's opinions. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

---

[2]Plaintiff's remaining contention on this issue warrants little discussion. While Plaintiff argues that "[e]ven the non-examining state agency psychologist, Dr. Kenneth Clark, gave an opinion that was more restrictive than the ALJ's RFC" (Brief, p. 16), she neglects to mention that Dr. Clark concluded that Plaintiff "retains the ability to perform unskilled work." (R. 287).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Applied here, Plaintiff fails to identify any *physician* whose opinions were not properly weighed.  Although Plaintiff objects to the ALJ's evaluations of the opinions of Nancy Thompson, an advanced registered nurse practitioner, and psychotherapist Mary Anne Paulson, a licensed clinical social worker, these professionals are not *physicians*, and their opinions, while entitled to consideration as an "other source," are not entitled to deference as medical opinions.[3]  *See* 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1); *Waulk v. Astrue*, No. 8:11-cv-2609-T-23AEP, 2013 WL 1245975, at *4 (M.D. Fla. Feb. 11, 2013) (finding ALJ correctly noted an ARNP was not an acceptable medical source), *report and recommendation adopted*, 2013 WL 1233208 (M.D. Fla. Mar. 26, 2013); SSR 06-03p (stating that an LCSW is not an "acceptable medical source").  Moreover, the ALJ did, in fact, consider the opinions of both of these providers, and gave "some weight" to these

---

[3]In addition to the treating records before the ALJ, Plaintiff cites to a February 2012 report from her therapists (non-physicians) which was dated after the ALJ's decision, but was tendered to the Appeals Council (R.15). The Appeals Council reviewed this new information and stated:
> "We also looked at the correspondence provided by Marsha A. Packard, L.M.H.C. and Kimberly Tomlinson, L.M.H.C., dated February 8, 2012 (1 page). The Administrative Law Judge decided your case through October 26, 2011. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 26, 2011." (R. 2).

Plaintiff does not challenge the Appeals Council's treatment of the letter and has therefore waived any issue with respect to it. Further, as noted, these therapists are not acceptable medical sources.

opinions, to the extent the opinions were consistent with the evidence as a whole (R. 27-28). No error is shown.

## Conclusion

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

For the reasons set forth above, the administrative decision is **AFFIRMED**. The Clerk is directed to enter judgment accordingly, terminate all pending matters and close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 11, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record